**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY D. CROSBY,** | : |
| **Petitioner** | : CIVIL ACTION NO. 3:16-2456 |
| v | : |
| | : (JUDGE MANNION) |
| **DAVID J. EBBERT,** | : |
| **Respondent** | : |

**MEMORANDUM**

**I. Background**

Petitioner, Gregory D. Crosby, an inmate confined in the United States Penitentiary Florence ("USP-Florence"), Colorado,[1] filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He seeks, *inter alia,* the restoration of good conduct time and expungement of his incident report. Id. For the reasons outlined below, the petition will be transferred to the United States District Court for the District of Colorado.

**II. Discussion**

"The federal habeas corpus statute straightforwardly provides that the

---

1. Petitioner was transferred from the Special Management Unit at USP-Lewisburg on October 31, 2016, and arrived at USP-Florence on November 4, 2016. (Doc. 6-1 at 2).

proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. §2242, see also §2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 433-436 (2004)(citations omitted). In Padilla, the Court added that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 442. The district court must have personal jurisdiction over the petitioner's custodian. Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 495 (1973). This Court does not have that jurisdiction.

However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a); See also, Braden, 410 U.S. at 495. Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

Title 28 U.S.C. §1631(a) states, in relevant part, that whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other court in which the action ... could have been brought at the time it was filed." Here, transfer of the habeas action to the United States District Court for the District of Colorado is in the interest of justice because it is the proper district where it should have been filed initially. See 28 U.S.C. §1631.  A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 21, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2456-01.wpd